**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0942-22

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ISABELA PERDOMO,

      Defendant-Appellant.

_____

> Submitted December 11, 2023 – Decided December 18, 2023
>
> Before Judges Sabatino and Chase.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Municipal Appeal No. 22-05.
>
> Hegge & Confusione, LLC, attorneys for appellant (Michael James Confusione, of counsel and on the brief).
>
> Mark Musella, Bergen County Prosecutor, attorney for respondent (Jaime M. Chasmer, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After a municipal court trial, defendant Isabela Perdomo was convicted of shoplifting, N.J.S.A. 2C:20-11(b)(2). On de novo review, the Law Division upheld her conviction. Defendant now appeals, raising several issues. We affirm.

The State's evidence showed that on May 9, 2019, defendant entered a Yankee Candle retail store with two shopping bags. According to the testimony of the assistant store manager, the bags appeared to be collapsed and empty. Defendant went to a shelf and removed four candles, priced at $30 each, and placed them in a wire basket. She rearranged the remaining candles on the shelf to fill in the empty space in the front row. She carried the four candles to an unattended sales register and began placing them in her shopping bags. She then pulled two other candles off a different shelf and returned to the register.

Defendant presented a sales receipt to the sales associate at the register indicating she was exchanging candles she had previously purchased. Before the transaction was completed, a uniformed security officer entered the store. Defendant briskly walked out of the store with the four candles and without making a payment.

The State contended that defendant was pretending to make a product exchange when she actually brought no merchandise into the store. Most of

defendant's actions within the store were filmed on two surveillance videos taken from two different angles. Because the videos are automatically deleted after about thirty days, the assistant store manager filmed them on her cell phone in order to preserve the recorded evidence. The videos show defendant taking four candles off the shelf and walking out of the store with them when the security guard appeared.[1]

The municipal judge found that the State met its burden of proof beyond a reasonable doubt. Among other things, the municipal judge found the assistant store manager to be "a very credible, believable witness." The judge expressly rejected defendant's claim that she had brought four candles into the store to conduct a "jar-to-jar" exchange.

The judge sentenced defendant to ten days of community service. He also required her to pay the store $120 in restitution, plus various court costs and fees.

---

[1] We have reviewed the videos as part of our consideration of the evidence in the record.

A-0942-22

On de novo review, the Law Division upheld the municipal judge's findings. Defendant then filed the present appeal with this court. In her brief, she presents the following points for our consideration:[2]

POINT I

THERE IS NOT SUFFICIENT CREDIBLE EVIDENCE PRESENT IN THE RECORD TO UPHOLD THE LAW DIVISION FINDINGS

In considering defendant's arguments, we are guided by well-established standards. We have before us a context with concurrent findings of guilt by both the municipal judge who tried the case and the Law Division judge. In such contexts, appellate courts "should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." State v. Robertson, 228 N.J. 138, 148 (2017) (citation omitted). Appellate review is limited to whether the Law Division's conclusions "could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964); see also State v. Zingis, 471 N.J. Super. 590, 601 (App. Div.), certif.

_____

[2] Within defendant's brief she makes the following sub-points: (1) the video evidence was not adequately authenticated; (2) the manager's testimony prejudicially described defendant as "a person of interest;" and (3) the State's proofs were insufficient to establish her guilt of shoplifting beyond a reasonable doubt.

4

granted, 251 N.J. 502 (2022). In particular, we generally defer to the trier of fact's credibility findings. State v. Cerefice, 335 N.J. Super. 374, 383 (App. Div. 2000).

We likewise must be deferential to the trier of fact's evidentiary rulings. "A judge's decision to admit or exclude evidence is 'entitled to deference absent a showing of an abuse of discretion, i.e., [that] there has been a clear error of judgment." State v. Brown, 463 N.J. Super. 33, 51 (App. Div. 2020) (quoting Griffin v. City of E. Orange, 225 N.J. 400, 413 (2016)).

That said, the tribunal's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Hayes v. Delamotte, 231 N.J. 373, 387 (2018) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan, 140 N.J. 366, 378 (1995)).

Applying these principles, we reject each of defendant's arguments for reversal. We briefly discuss them in turn.

First, we discern no merit in defendant's claim that the surveillance videos were inadequately authenticated. The assistant store manager provided an ample foundation for those recordings, sufficient to meet the rational basis threshold of N.J.R.E. 901. See also State v. Hannah, 448 N.J. Super. 78, 88-90 (App. Div. 2016) (noting the lenient non-onerous predicate for authentication under

5

N.J.R.E. 901). The manager had personal knowledge of many of the events that were recorded on the videos, and, in fact, at one point appears on camera conversing with defendant. The manager had familiarity with the store's routine practices in creating and storing the videos. She provided a sufficient justification for re-recording the videos on her own cell phone camera to avoid their routine erasure after thirty days. We upheld similar re-recording in Brown, 463 N.J. Super. at 51. We reject defendant's argument that the manager needed to have observed first-hand all of the events depicted on the video in order to authenticate them.

Second, we detect no reversible error in the manager's testimony explaining that the store personnel were paying close attention to defendant's actions as a "person of interest." We acknowledge that the term suggests that defendant may have engaged in shoplifting or other bad acts in the past. See N.J.R.E. 404(a) (generally precluding character proof to show a defendant's propensity to act in a certain manner); see also State v. Brunson, 132 N.J. 377, 384 (1993). Even so, we do not regard the witness's use of the phrase in this non-jury case to be "clearly capable" of producing an unjust result. R. 2:10-2. The municipal judge's assessment of guilt was manifestly based on the evidence, including the inculpatory videos and the manager's testimony, rather than a

6

propensity-based bias that defendant had shoplifted before.

Third and finally, the State's proofs, viewing them in a light most favorable to the prosecution, were ample to establish defendant's guilt beyond a reasonable doubt. The elements of shoplifting under N.J.S.A. 2C:20-11(b)(2) were sufficiently proven. The judge found the store manager's narrative credible, and the videos essentially caught defendant red-handed.

To the extent we have not mentioned them, any other points raised on appeal lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0942-22